IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MAURICE FRANKLIN, JR.,**

      **Petitioner,**

      v.                          **CASE NO. 20-3307-SAC**

**STATE OF KANSAS,**

      **Respondent.**

### ORDER TO SHOW CAUSE

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court provisionally grants Petitioner leave to proceed *in forma pauperis*. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Court directs Petitioner to show cause why this matter should not be dismissed.

**Background**

Petitioner was convicted in state court in November 2005, and sentenced in December 2005. *State v. Franklin*, Case No. 04-CR-45 (Shawnee County District Court). Petitioner appealed, and the Kansas Court of Appeals affirmed his conviction and sentence, and reversed the BIDS reimbursement order. *State v. Franklin*, No. 96,108, 2007 WL 2915456 (Kan. Ct. App. Oct. 5, 2007), *rev. denied* April 23, 2008. Petitioner alleges that he filed a state petition under K.S.A. 60-1507 on July 11, 2011, and the motion was denied as time-barred.

1

Petitioner filed the instant federal habeas action under 28 U.S.C. § 2254 on December 14, 2020. Plaintiff alleges that his state conviction violates Article IV(e) of the Interstate Agreement on Detainers.

**Discussion**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A).  *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Under Supreme Court law, "direct review" concludes when the availability of direct appeal to the state courts and request for review to the Supreme Court have been exhausted. *Jimenez v.*

*Quarterman*, 555 U.S. 113, 119 (2009).  The Rules of the U.S. Supreme Court allow ninety days from the date of the conclusion of direct appeal to seek certiorari.  Sup. Ct. R. 13(1).  "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires."  *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003).  The limitation period begins to run the day after a conviction becomes final.  *See Harris v. Dinwiddie*, 642 F.3d 902, 906–07 n.6 (10th Cir. 2011).

The statute also contains a tolling provision:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Finally, the one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances."  *Gibson v. Klinger*, 232 F.3d 799, 808 (2000) (citation omitted).  This remedy is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).  Circumstances that warrant equitable tolling include "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period."  *Gibson*, 232 F.3d at 808 (internal citations omitted).  Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling.  *Holland v. Florida*, 560 U.S. 631, 651 (2010).  However, "[s]imple excusable neglect is not sufficient."  *Gibson*, 232 F.3d at 808 (citation omitted).

3

Where a prisoner seeks equitable tolling on the ground of actual innocence, the prisoner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536–37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner argues that this action is timely because the limitations period started over when he received a new federal judgment on August 17, 2020. Petitioner received a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) on August 17, 2020. *See United States v. Franklin*, Case No. 6:03-cr-10151-JTM, Doc. 224 (D. Kan. Aug. 17, 2020). However, Petitioner's reduced sentence does not restart the clock on the limitations period.

"[A]fter a new sentence, a prisoner can bring a new petition attacking the underlying conviction as well as the new judgment." *Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016) (citing *King v. Morgan*, 807 F.3d 154, 157–58 (6th Cir. 2015)). However, the court in *Crangle* held that:

> Our analysis is consistent with a line of cases in which a limited resentencing *benefits* the prisoner, such as in a sentence-reduction proceeding under 18 U.S.C. § 3582(c) or Criminal Rule 35(b). Such sentence modifications, federal law provides, do not disturb the underlying initial judgment, which continues to "constitute[ ] a final judgment." 18 U.S.C. § 3582(b). As several other courts of appeals have noted, such "a reduced sentence [is] not a new one." *United States v. Jones*, 796 F.3d 483, 485 (5th Cir. 2015) (§ 3582(c)); *see, e.g.*, *White v. United States*, 745 F.3d 834, 836–37 (7th Cir. 2014) (§ 3582(c)); *United States v. Olvera*, 775 F.3d 726, 729 (5th Cir. 2015) (Rule 35(b)); *Murphy v. United States*, 634 F.3d 1303, 1309 (11th Cir. 2011) (Rule 35(b)) (collecting cases); *see also Reichert v. United States*, 101 Fed.Appx. 13, 14 (6th Cir. 2004) (Rule 35(b)). A

> new, worse-than-before sentence, by contrast, amounts to a new judgment. *See Burton*, 549 U.S. at 156–57, 127 S.Ct. 793.

*Crangle*, 838 F.3d at 678; *see also Freeman v. Wainwright*, 959 F.3d 226, 228 (6th Cir. 2020) (holding that a limited resentencing that results in a better-than-before sentence does not constitute a new "judgment," as defined in 28 U.S.C. § 2244(d)(1)(A)).

Section 3582(b) provides that:

> **(b) Effect of finality of judgment.**--Notwithstanding the fact that a sentence to imprisonment can subsequently be--
> **(1)** modified pursuant to the provisions of subsection (c);
> **(2)** corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or
> **(3)** appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;
>
> a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

In *U.S. v. Olvera*, the court noted that § 3582(b) establishes that a modification of a sentence does not affect the finality of a criminal judgment and one such "other purpose" referred to in that section is the one-year period from "the date on which the judgment of conviction becomes final." *U.S. v. Olvera*, 775 F.3d 726, 729 (5th Cir. 2015) (addressing limitations period in § 2255(f)(1)).

Petitioner's limitation period did not start over after his reduced sentence, and he makes no argument for equitable tolling in his Petition. The instant Petition is not timely and is subject to dismissal unless Petitioner can demonstrate grounds for equitable or statutory tolling. The Court directs Petitioner to show cause why his Petition should not be dismissed.

**IT IS THEREFORE ORDERED THAT** the Court provisionally grants Petitioner leave to proceed *in forma pauperis*.

**IT IS FURTHER ORDERED THAT** Petitioner is granted until **January 29, 2021,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge,

why his habeas claims should not be dismissed due to his failure to commence this action within the one-year limitation period.

**IT IS SO ORDERED**.

**Dated December 31, 2020, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
Sam A. Crow
U.S. Senior District Judge