## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**MAURICE FRANKLIN, JR.,**

      **Petitioner,**

    **v.**                          **CASE NO. 20-3307-SAC**

**STATE OF KANSAS,**

      **Respondent.**

## <u>ORDER</u>

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  The Court provisionally granted Petitioner leave to proceed *in forma pauperis*.  The Court conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and entered an Order to Show Cause (Doc. 4) granting Petitioner until January 29, 2021, in which to show cause why this matter should not be dismissed for failure to commence this action within the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d).   Because Petitioner failed to respond to the Order to Show Cause by the Court's deadline and failed to show cause why this matter should not be dismissed, the Court dismissed this case on February 2, 2021. (Docs. 6, 7.)

After the Court entered its dismissal order, the Court received two responses from Petitioner.  (Docs. 8, 9.)  Petitioner also filed a motion (Doc. 10) seeking reconsideration of the Court's dismissal order.  Petitioner's motion for reconsideration states that he mailed his responses on time, but there was a delay due to the COVID-19 pandemic.

1

The Court will grant Petitioner's motion for reconsideration to the extent that the Court will address Petitioner's responses at Docs. 8 and 9. Petitioner's response at Doc. 8 appears to be a request for an extension of time. Petitioner states that due to lockdowns necessitated by COVID-19, he will respond to the Court's Order to Show Cause at a later time when he has access to legal materials.

Petitioner then filed his response at Doc. 9. Petitioner argues that he was not aware that this action was subject to the one-year statute of limitations. Petitioner then argues for equitable tolling of the statute of limitations, asserting that he lacks knowledge of the law and therefore his attempts at researching and preparing motions were unsuccessful as either being improperly filed or due to a misinterpretation of the law. Petitioner alleges that several institutional lockdowns also blocked progress in his filings. Petitioner also alleges that in 2010, he had to order new documents because his were lost by the jail house litigator during an altercation with another inmate. Lastly, Petitioner argues that he is actually innocent because statements made by the state's witness were later said to be false.

The one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (2000) (citation omitted). Equitable tolling is available only when the petitioner has diligently pursued his claims for relief and shows that the failure to timely present them in habeas corpus was caused by extraordinary circumstances beyond his control. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003); *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Circumstances that warrant equitable tolling include "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a

deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

While Petitioner argues that he has had difficulty in understanding the law and learning how to present his claims, these grounds do not allow him to proceed after the expiration of the limitation period. *See Marsh*, 223 F.3d at 1229 ("It is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."); and *Rojas-Marceleno v. Kansas*, 765 F. App'x 428, 433 (10th Cir. 2018) ("A petitioner's lack of legal knowledge or inability to afford an attorney generally does not merit equitable tolling"). Unfortunately, neither unfamiliarity with the legal process nor attorney error itself is a basis for equitable tolling. *Murrell v. Crow*, 793 F. App'x 675, 679 (10th Cir. 2019) (unpublished); *Pink v. McKune*, 146 F. App'x 264, 267 (10th Cir. 2005).

Petitioner has failed to "show specific facts to support his claim of extraordinary circumstances and due diligence" sufficient to trigger equitable tolling of the limitations period. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (internal citations omitted).

Where a prisoner seeks equitable tolling on the ground of actual innocence, the prisoner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536–37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513

U.S. at 324.  Petitioner has failed to show that he is entitled to equitable tolling on the ground of actual innocence.

Even considering Petitioner's responses to the Order to Show Cause, Petitioner has not shown good cause why his Petition should not be dismissed as barred by the statute of limitations.

**IT IS THEREFORE ORDERED THAT** the Court **grants** Petitioner's motion for reconsideration to the extent that the Court considers Petitioner's responses to the Court's Order to Show Cause.

**IT IS FURTHER ORDERD** that Petitioner has failed to show good cause why his Petition should not be dismissed as barred by the statute of limitations.  The Court's dismissal of this case stands and the case remains closed.

**IT IS SO ORDERED**.

**Dated April 9, 2021, in Topeka, Kansas.**

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**